Carl L. ROBINSON, Appellant,

v.

Janice BOOKER, et al., Appellees.

No. 86–1063.

District of Columbia Court of Appeals.

Argued June 7, 1989.

Decided July 20, 1989.

Prudence Bushnell, Bethesda, Md., with whom Spencer H. Boyer, Washington, D.C., was on the brief, for appellant.

Robert E. Cook, of the bar of the State of Massachusetts, pro hac vice, by special leave of court, with whom Michelle C. White, was on the brief, for appellee.

Before FERREN, BELSON, and SCHWELB, Associate Judges.

FERREN, Associate Judge:

Appellant Robinson, an architectural design consultant, appeals from a June 24, 1986 order by Judge Riley, denying his motion to vacate a default in an action on a contract to remodel appellee's basement. Appellant concedes that this court lacks jurisdiction to consider an appeal from a mere default, *see* D.C.Code § 11–721(a)(1) (1981) (providing jurisdiction over final or-

---

ders and judgments); 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL §§ 2688, 2692 (1983) (no final judgment until measure of damages ascertained), but claims that Judge Riley's order is in effect a denial of an application to compel arbitration, a final appealable order, *see* D.C.Code § 16–4317 (1981), and thus is properly before us. We disagree.

In January 1983, appellant filed before Judge Salzman a motion to dismiss the complaint on the ground that disputes under the contract required arbitration and that the court therefore lacked jurisdiction to hear the case. Judge Salzman denied appellant's motion on June 16, 1983, but stayed the proceedings until June 28, 1983, to allow appellant to present evidence to the court that the dispute had been accepted for arbitration. Under the terms of the order, appellee would then have five days to dismiss the complaint without prejudice, and if appellees failed to so dismiss, appellant could renew his motion to dismiss. Appellant was unable to comply with Judge Salzman's order because the American Arbitration Association (AAA), which he hoped would assert jurisdiction, required that the claimant to a dispute, not the respondent, invoke AAA's jurisdiction. In February, 1984, appellees obtained a default. Appellant filed a motion to set aside the default in January, 1985, asking the court both to vacate the default and to order appellees to submit to arbitration. Judge Wertheim denied the motion on November 6, 1985. Appellant noticed a timely appeal of Judge Wertheim's order but subsequently sought and was granted a voluntary dismissal of the appeal. In May, 1986, appellant again filed a motion to vacate default, seeking vacation of the default and a dismissal of the case for lack of subject matter jurisdiction. Judge Riley denied this motion on June 24, 1986.

■ Appellant argues that the original default constituted a denial of an application for arbitration and that his motion before Judge Riley was in effect a motion for reconsideration of the denial, rendering Judge Riley's order appealable, *see* D.C. Code § 16–4317. We cannot agree. The default could only represent a denial of an application for arbitration if appellant had previously submitted such an application. Appellant's original motion to dismiss before Judge Salzman had sought a dismissal of the complaint on the ground that the contract compelled arbitration; accordingly, that motion must be seen as the application for compelled arbitration upon which appellant now rests his jurisdictional argument. On June 16, 1983, however, Judge Salzman denied that application, to be reconsidered only if appellant met certain conditions. It was this June 16, 1983, order, therefore, and not the order of default, which constituted the denial of compelled arbitration subject to an immediate right of appeal under D.C.Code § 16–4317. Appellant, however, did not appeal Judge Salzman's order or meet the order's conditions. While the entry of default eight months later may have reaffirmed Judge Salzman's denial of appellant's original motion seeking arbitration, it did not constitute the denial itself, nor did it revive an appeal right foregone. *See* D.C.App.R. 4(a)(1).

■ Even were we to accept appellant's argument that the default was itself the denial of an application to compel arbitration, the current appeal would still be untimely. The default order was issued on February 27, 1984. After hearing appellant's first motion to vacate default, Judge Wertheim found as a matter of fact—and we do not find his ruling clearly erroneous—that appellant received notice of, but failed to appear for, the default hearing. Thus, if the default were to constitute the denial of the application to compel arbitration, as appellant contends, he should have filed a timely appeal from the default order. *See* D.C.App.R. 4(a)(1) (providing 30 days in which to file appeal). While a motion for reconsideration filed within ten days after the default order would have tolled the running of time for noting an appeal, *see Coleman v. Lee Washington Hauling,* 388 A.2d 44, 47 (D.C.1978); Super.Ct.Civ.R. 59(e), appellee's self-styled motion for reconsideration of the denial of compelled arbitration before Judge Riley in

May 1986, could not toll the time period for noting a timely appeal from that order. *Cf. Smith v. Canada,* 305 A.2d 521 (D.C. 1973) (Super.Ct.Civ.R. 60(b) motion does not toll time limits for appeal). Because appellant failed to appeal either the original denial of his motion to dismiss, or the order of default, the appeal from Judge Riley's order comes too late.[1] This court accordingly lacks jurisdiction over the bare unappealable default that remains. *See* D.C.Code § 11–721(a)(1).

*Dismissed.*

---

[1] Even if this court were to hear on the merits an appeal from a denial of a motion for reconsideration brought pursuant to Super.Ct.Civ.R. 60(b)(1), where the motion alleged an error of law by the trial court and yet no timely notice of appeal from the original, allegedly incorrect judgment had been filed, *see In re Tyree,* 493 A.2d 314, 316, 317 n. 5 (D.C.1985), appellant's motion for reconsideration, brought more than two years after the order he contends was erroneous, remains untimely. *See* Super.Ct.Civ.R. 60(b) (motions made under 60(b)(1) must be made within a reasonable time, and not later than one year after the order).