609 A.2d 1137 (1992)
Edward H. FRIEND, Appellant,
v.
Jane B. FRIEND, Appellee.
No. 91-FM-133.
District of Columbia Court of Appeals.
Argued May 27, 1992.
Decided July 10, 1992.
Hal Witt, Washington, D.C., for appellant.
Faith D. Dornbrand, with whom Lauren Shea, Washington, D.C., was on the brief, for appellee.
Before TERRY, STEADMAN and SCHWELB, Associate Judges.
TERRY, Associate Judge:
In this case we are called upon to interpret an arbitration clause contained in a separation agreement between two former spouses. The trial court held that the arbitration clause did not apply in this case because the husband had failed to produce evidence of a "dispute" which needed to be arbitrated. We hold, to the contrary, that the affidavits submitted by the parties established the existence of a "dispute" about the wife's alleged remarriage. We therefore remand this case to the trial court with instructions to submit the dispute to an arbitrator, as the separation agreement requires.

I
Appellant Edward Friend ("the husband") and appellee Jane Friend ("the wife") were divorced in 1984. They resolved all support, property and other rights arising out of their marriage in a "Separation and Property Agreement" dated May 4, 1984. The agreement provides in paragraph 2 that the husband will pay the wife $5,000 per month in alimony until the death or remarriage of the wife. Paragraph 12(a) states: "In the event of any dispute between the parties arising out of *1138 this agreement, the matter shall be submitted for binding arbitration in accordance with the then obtaining rules of the American Arbitration Association." Another provision imposes upon the losing party the obligation to pay the legal fees of the prevailing party in a suit to enforce the agreement.
For several years the husband paid alimony to the wife each month, but in April 1990 he stopped making payments. Consequently, the wife filed the instant action on May 31, 1990, seeking alimony arrearages, specific performance of the agreement, and counsel fees. The husband moved to dismiss the wife's complaint, alleging that the parties' separation agreement required any dispute about the payment of alimony to be submitted to an arbitrator.[1] The wife opposed the husband's motion and filed her own motion for summary judgment, asserting that there was no "dispute" under the agreement which had to be arbitrated.
The trial court, after a hearing on both motions, found that it was unclear from the record whether a "dispute" between the parties existed. It therefore directed the husband to file a supplemental affidavit responding to the wife's motion for summary judgment "fully in accordance with the requirements of Super.Ct.Civ. Rule 56(e)."[2] The husband filed such an affidavit, in which he said that "the dispute arises from the fact that I deny that plaintiff is entitled to alimony. The ground for my denial is, specifically, that within the meaning of paragraph 2 of the agreement between us, the remarriage of plaintiff has occurred."[3] Another hearing was then held before a different judge, who ruled at its conclusion that the husband had failed to establish the existence of any dispute which would necessitate arbitration. The court held that since the husband had offered no evidence of the wife's remarriage beyond his own conclusory assertion, there was no basis for finding that there was an arbitrable "dispute" under the agreement. In two subsequent orders the court denied the husband's motion to dismiss and granted the wife's motion for summary judgment.[4] The husband then noted this appeal.

II
It is a fundamental rule of procedure that "[t]he nature of a motion is determined by the relief sought, not by its label or caption." Wallace v. Warehouse Employees Union No. 730, 482 A.2d 801, 804 (D.C.1984) (citations omitted). The husband's motion to dismiss in this case was not really a motion to dismiss because in fact it sought to compel arbitration according to the terms of the separation agreement. This court has held that a motion seeking dismissal of a complaint on the ground that a contract requires arbitration of the underlying dispute "must be seen as [an] application for compelled arbitration...." Robinson v. Booker, 561 A.2d 483, 484 (D.C.1989). That holding applies directly to the husband's motion to dismiss. Because it was based on the assertion that the separation agreement required arbitration of the controversy between the parties, *1139 the motion must be treated as a motion to compel arbitration.[5]
Before the trial court could rule on the motion, therefore, it had to determine whether there was an actual "dispute" within the meaning of the separation agreement.[6] That was the first question the trial court had to answer. If the answer was yes, then the case had to go immediately to the arbitrator, regardless of whether the dispute itself on the merits was a close one or utterly one-sided. The husband did not have to show the court the basis for his belief that his ex-wife had remarried. If he was right on the question of whether there was an arbitrable dispute (as we conclude he was), he was entitled to defer such a showing until arbitration.
A motion to compel arbitration invokes the well-established preference for arbitration when the parties have expressed a willingness to arbitrate. Federal and District of Columbia statutes "are in agreement on the issue of favoring arbitration when the parties have entered into a contract containing an arbitration clause." Weatherly Cellaphonics Partners v. Hueber, 726 F.Supp. 319, 322 n. 5 (D.D.C.1989); see Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983) ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"); Carter v. Cathedral Avenue Cooperative, Inc., 566 A.2d 716, 717 (D.C. 1989) (District of Columbia decisions "have recognized this same principle" (citing cases)). The preference for arbitration is essentially a generalized inference of the parties' intent; courts will presume that an arbitration clause agreed upon by the parties was intended to foreclose judicial involvement in their disputes.
The preference for arbitration distinguishes this case from the more general authorities cited by the wife regarding conclusory allegations and summary judgment. The wife argues that the court should apply the usual summary judgment standard in evaluating the husband's motion to dismiss. See Matthews v. Automated Business Systems & Services, Inc., 558 A.2d 1175, 1179 (D.C.1989) (motion to dismiss under Rule 12(b)(6), if accompanied by affidavits outside the pleadings, "is converted to one for summary judgment, and the court looks to the affidavits to see whether there are any issues of material fact that require a trial"). In general, "conclusory allegations ... by themselves, are insufficient to establish a genuine issue of material fact to preclude summary judgment." Mosely v. Second New St. Paul Baptist Church, 534 A.2d 346, 349 (D.C. 1987) (citations omitted); see Willis v. Cheek, 387 A.2d 716, 719 (D.C.1978). This rule is based on the policy of promoting judicial efficiency and the quick disposal of frivolous claims: a party who cannot demonstrate that his claim has some merit will not be afforded his day in court.
Arbitration cases are different. When a motion to compel arbitration (or its equivalent, a motion to dismiss) is supported by an affidavit identifying an arbitrable dispute, the affidavit will be enough to defeat an opposing motion for summary judgment and require arbitration.[7] In this case the husband, after some prodding by the trial court, submitted such an affidavit identifying the dispute which in his view should be arbitrated. That affidavit, we hold, was sufficient to compel the submission of the dispute to an arbitrator, as the agreement provided. We therefore reverse the trial court's denial of the husband's motion to dismiss and remand the case to the trial court with instructions to enter an *1140 order compelling arbitration.[8]
Paragraph 15 of the separation agreement provides that the prevailing party in any legal action "seek[ing] to enforce or implement the terms of this Agreement" is entitled to an award of attorney's fees to be paid by the other party. The trial court awarded attorney's fees to the wife under this provision when it granted her motion for summary judgment. Since we are reversing that judgment, we also reverse the award of attorney's fees. Until the arbitration proceedings have been concluded, neither party can be said to have prevailed, and thus any award of attorney's fees under paragraph 15 would be premature. See Grubbs v. Butz, 179 U.S.App.D.C. 18, 548 F.2d 973 (1976).

III
The judgment of the trial court is reversed. This case is remanded with directions to refer the dispute between the parties to arbitration, in accordance with the separation agreement of May 4, 1984.
Reversed and remanded.
NOTES
[1] Soon after he filed his motion to dismiss, the husband paid the alimony arrears to the wife. Since that time he has continued to make regular monthly payments under the agreement. These payments, however, have been made under protest, and counsel for the husband represented to us at oral argument that he will seek to recover them if he ultimately prevails on the merits. We therefore conclude that the payment of these sums has not made this appeal moot.
[2] The husband had previously filed a perfunctory affidavit stating:

1. I am the defendant in this case.
2. I do dispute plaintiff's right to the payments for which she sued herein.
3. I do dispute plaintiff's right to any award of attorneys' fees.
4. I do dispute plaintiff's right to any of the other relief she seeks herein.
[3] Paragraph 2 defines remarriage broadly, including within the definition, for example, cohabitation with another person for more than six months "if the primary reason for the couple not formally marrying is to preserve the alimony payments...."
[4] The second order also granted the wife specific performance of the agreement and directed the husband to pay the wife $2,874.75 in attorneys' fees and costs.
[5] The denial of such a motion is immediately appealable under D.C.Code § 16-4317 (1989). Hercules & Co. v. Beltway Carpet Service, Inc., 592 A.2d 1069, 1071 (D.C.1991).
[6] In addition to the general arbitration clause in paragraph 12 calling for arbitration of "any dispute ... arising out of this Agreement," paragraph 4(d) contains specific language requiring arbitration of any dispute "as to the remarriage of the wife...."
[7] The existence of an arbitrable dispute may, of course, be established by other means as well.
[8] After the trial court denied the husband's motion to dismiss, it proceeded to rule on the wife's motion for summary judgment. Because we reverse the denial of the husband's motion to dismiss, we necessarily hold that the court should not even have considered the wife's motion. We therefore do not consider whether its ruling on the wife's motion was correct or incorrect.