**EMPLOYERS MUTUAL CASUALTY COMPANY, et al., Appellants,**

v.

**KEENE CORPORATION, Appellee.**

No. 93–CV–584.

District of Columbia Court of Appeals.

Aug. 17, 1993.

---

Before STEADMAN and FARRELL, Associate Judges, and REILLY, Senior Judge.

## MEMORANDUM AND ORDER

PER CURIAM.

This matter is before us on a motion of Keene Corporation to dismiss a notice of appeal filed by Employers Mutual and its trial lawyers from an order imposing sanctions upon that company (defendant in the trial court) and its counsel in the amount of $7,744.75 under the authority of Super.Ct.Civ.R. 37(a)(4).

As it appears that the action brought by the movant against Employers Mutual is still pending in the trial court, no final judgment has been entered. Therefore, we do not have jurisdiction to entertain this appeal. D.C.Code § 11–721(a). *See Green v. Louis Fireison & Associates*, 618 A.2d 185, 188 n. 5 (D.C.1992), where it was noted that an appeal from a pre-trial sanction imposed upon a party and its lawyer was dismissed as premature for no final judgment had been reached. Appellants contend, however, that this appeal falls within the narrow exception to the general rule declared by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), because the issue it raises is separate and independent of the cause itself. It cites the three conditions which this court has recognized as falling within the *Cohen* doctrine, *Stein v. United States*, 532 A.2d 641 (D.C.1987), *cert. denied*, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988). One of those conditions is that the challenged order "must be effectively unreviewable on appeal from a final judgment." *Id.* at 643.

Pointing out that in this case sanctions were jointly imposed not only upon a party, but also upon a non-party (i.e., trial counsel), appellants in their opposition argue that this third condition was satisfied here, because the non-party may be precluded from ultimate appellate review if the underlying litigation is settled or the client being satisfied with the final judgment does not file an appeal. They correctly cite *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682 (2d Cir.1989), as supporting this proposition, and also decisions of United States Courts of Appeal in other circuits holding sanctions orders directed at counsel may be immediately appealed by that non-party. Appellants concede, however, that other Federal Courts of Appeal have reached contrary conclusions, *e.g.*, *G.J.B. & Assoc., Inc. v. Singleton*, 913 F.2d 824 (10th Cir.1990); *In re Licht & Semonoff*, 796 F.2d 564 (1st Cir.1986); *Eastern Maico Distrib., Inc. v. Maico–Fahrzeugfabrik*, 658 F.2d 944 (3d Cir.1981).[1]

In our opinion, we cannot hold that the order for which review is sought here is "effectively unreviewable on appeal from a final judgment." A recent decision of this court has recognized that a party's attorney has standing to appeal imposition of sanctions even though his client has acquiesced in the sanctions order in a case where the underlying action had resulted in a final judgment, the merits of which were the subject of a separate appeal. *Schwartz v. Connors, Fiscina, Swartz & Zimmerly*, 623 A.2d 595, 598–99 (D.C.1993). Thus, in the context of case law here, we cannot

---

1. These conflicting decisions of United States circuit courts turned on their respective interpretations of 28 U.S.C. § 1291, a statute limiting jurisdiction of those courts. As D.C.Code § 11–721, *supra*, is the counterpart of that act, we look to those Federal courts for guidance.

follow the Federal decisions upon which appellants rely.

Accordingly, we grant the motion to dismiss the notice of appeal, but without prejudice to its renewal after final judgment. As the question presented here is a close one, the motion for costs is denied.