John UMANA, Appellant,

v.

SWIDLER & BERLIN, CHARTERED, et al., Appellees.

No. 92–CV–1088.

District of Columbia Court of Appeals.

Argued Dec. 13, 1994.
Decided Dec. 29, 1995.

Robert W. Steele, Washington, DC, for appellant.

Scott L. Nelson, Washington, DC, for appellees.

Garland Pinkston, Jr., Acting Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel, and Edward E. Schwab, Assistant Corporation Counsel, filed a brief on behalf of the District of Columbia as amicus curiae.

Before TERRY and RUIZ, Associate Judges, and PRYOR, Senior Judge.

Opinion concurring in the result by Associate Judge TERRY at p. 724.

RUIZ, Associate Judge:

In this appeal, John Umana, plaintiff-appellant, asks us to review an order of the Superior Court confirming an arbitral award in favor of one of the defendants-appellees, Swidler & Berlin, Chartered. Umana also asks us to review the trial court's order that he arbitrate his still-pending claims against the other defendants-appellees, who are individual members of the Swidler firm. We hold that the entire appeal must be dismissed for want of jurisdiction because the trial court's orders make clear that there has been no judgment on Umana's claims against the individual firm members, which comprise part of this action.

## I.

Umana sued Swidler and members of the firm (the firm members),[1] contending that they had wrongfully deprived him of membership in the firm. The defendants moved to compel arbitration pursuant to a clause in a contract between Umana and the firm.[2] The trial court granted the motion, ordering that "all claims" be arbitrated and staying the entire litigation. Umana and Swidler (but not the individual firm members) subsequently arbitrated their claims against one another.[3] Umana's claims against Swidler were denied in their entirety. Swidler prevailed in part on its counterclaims against Umana. After Swidler substantially prevailed in the arbitration, Umana filed a motion in the pending civil action asking that the court vacate the award. Swidler, in turn, sought confirmation of the award, which the trial court granted. Umana now appeals the order confirming the award in favor of Swidler and the order compelling arbitration with the firm members. The parties agree that Umana's claims against the firm members are still pending in the trial court. The trial court did not direct the entry of final judgment in favor of Swidler under Superior Court Rule of Civil Procedure 54(b).

At oral argument, we raised *sua sponte* the issue of our jurisdiction to hear this appeal in light of the pending unresolved claims against the firm members.[4] *See Dy-*

---

1. Umana originally named twelve individual members of Swidler & Berlin as defendants. Shortly after filing the complaint, Umana dismissed without prejudice his claims against one of the members, Joseph Swidler.

2. The nature of the contract is a matter of dispute.

3. It seems that out of an abundance of caution, Umana had filed a demand for arbitration with the American Arbitration Association at the same time that he commenced this civil action. The demand, however, named only Swidler as the respondent. It was apparently on the basis of Umana's original demand that the arbitration ordered by the trial court was conducted.

4. This court may raise lack of subject matter jurisdiction at any time. *Customers Parking, Inc. v. District of Columbia*, 562 A.2d 651, 654 (D.C. 1989).

*house v. Baylor,* 455 A.2d 900, 901 (D.C.1983) (per curiam). The parties filed post-argument briefs addressing the jurisdictional issue. Umana now takes the position that this court lacks jurisdiction over the appeal he filed. Swidler contends that the order confirming the award in its favor is appealable by virtue of section 18 of the District of Columbia Uniform Arbitration Act (DCUAA), enacted by the District of Columbia Council in 1977. D.C.Code § 16–4317 (1989).[5] Upon our invitation, *see* D.C.App.R. 53, the District of Columbia, through the Office of the Corporation Counsel, filed a brief as *amicus curiae* arguing that § 16–4317, if interpreted to permit an appeal in the circumstances of this case, would not contravene the District of Columbia Self-Government and Governmental Reorganization Act, Pub.L. 93–198, 87 Stat. 774 (Dec. 24, 1973) (Home Rule Act).[6]

## II.

Although in several cases involving arbitration we have relied upon § 16–4317 in noting our jurisdiction, we have never decided that the statute confers jurisdiction upon this court under the circumstances of the present appeal.[7] In determining the scope of our prior holdings, it is important that we examine the contexts in which they were made. "It is well to remember that significance is given to broad and general statements of law only by comparing the facts from which they arise with those facts to which they supposedly apply." *Kraft v. Kraft,* 155 A.2d 910, 913 (D.C.1959). In the present case, the questions we must address are whether § 16–4317 of the DCUAA attempts to confer jurisdiction upon this court to review an order confirming an arbitral award while a related claim against another party is pending before the trial court in the same case, and, if so, whether such a grant of jurisdiction is within the Council's legislative authority. Neither of those questions was resolved in any of our cases citing § 16–4317.

As mentioned above, Umana appeals the trial court's orders 1) confirming the arbitration award in favor of Swidler and 2) compelling arbitration of Umana's claims against the members. Most of the cases in which we cited § 16–4317 involved orders denying motions to compel arbitration, not an order compelling arbitration. *See Benefits Communications Corp., supra* note 7, 642 A.2d at 1300; *Friend, supra* note 8, 609 A.2d at 1138–39; *Hercules & Co., supra* 8, 592 A.2d at 1071; *see also Robinson, supra* note 8, 561 A.2d at 484 (stating[8] that subsequent entry of default judgment could not revive right to immediate appeal of previous order denying motion to compel arbitration, where time for appeal had lapsed). One case concerned an order vacating an arbitral award, not confirming it as in the instant case. *See Shaff, supra* note 8, 617 A.2d at 961 & n. 3.

---

5. D.C.Code § 16–4317 provides:
 (a) For purposes of writing an appeal, the following orders shall be deemed final:
 (1) An order denying an application to compel arbitration made under Section 16–4302;
 (2) An order granting an application to stay arbitration made under Section 16–4302(b);
 (3) An order confirming or denying confirmation of an award;
 (4) An order modifying or correcting an award;
 (5) An order vacating an award without directing a rehearing.
 (b) An appeal from an order or judgment entered pursuant to this chapter shall be taken in the manner and to the same extent as from any other order or judgment in a civil action.

6. Section 602(a)(4) of the Home Rule Act provides that the Council has no authority to "[e]nact any act ... with respect to any provision of Title 11 [of the District of Columbia Code] (relating to organization and jurisdiction of the District of Columbia courts)." D.C.Code § 1–233(a)(4) (1992).

7. In fact, it appears that we have cited § 16–4317 in nine cases in addressing our jurisdiction to review orders concerning arbitration. *See, Benefits Communication Corp. v. Klieforth,* 642 A.2d 1299, 1301 n. 10 (D.C.1994); *Shaff v. Skahill,* 617 A.2d 960, 961 & n. 3 (D.C.1992); *Friend v. Friend,* 609 A.2d 1137, 1138–39 & n. 5 (D.C.1992); *Hercules & Co. v. Beltway Carpet Serv.,* 592 A.2d 1069, 1071 (D.C.1991); *Haynes v. Kuder,* 591 A.2d 1286, 1287 n. 1 (D.C.1991); *Robinson v. Booker,* 561 A.2d 483, 484 (D.C.1989); *Tung v. W.T. Cabe & Co.,* 492 A.2d 267, 268 n. 1 (D.C.1985); *Poire v. Kaplan,* 491 A.2d 529, 531 n. 1 (D.C.1985); *American Fed'n of Gov't Employees v. Koczak,* 439 A.2d 478, 480 & n. 7 (D.C.1981).

8. In *Hercules & Co.,* 592 A.2d at 1072, we termed *Robinson'*s discussion of § 16–4317 "technically dictum."

In the one case in which the order appealed compelled arbitration, like the order appealed by Umana concerning his claims against the individual members, we held that we had no jurisdiction. In *American Federation of Government Employees, supra* note 8, the appellant sought our review of an order compelling arbitration, as Umana does here. We dismissed the appeal as premature because judgment had not been entered in the action, holding that the omission of orders compelling arbitration from § 16–4317(a) evinced an intent to preclude appeals from such orders. 439 A.2d at 480; *cf. Haynes, supra* note 8, 591 A.2d at 1287 n. 1 ("To challenge the ... order compelling arbitration, appellant properly appeals from the ... order of the trial court confirming the eventual arbitration decision.").

In those cases in which the appellant challenged the other type of order Umana appeals in the present case, confirmation of an award, the underlying judgment disposed of all claims as to all parties. *See Haynes, supra* note 8, 591 A.2d at 1288 & n. 2, 1289 n. 4 (reciting that trial court directed parties "to arbitrate the disputes in this action," "stayed the ... case pending arbitration," and, after arbitration was completed, "the trial judge confirmed the award and judgment was entered"); *Tung,* 492 A.2d at 269 (reciting facts showing that the trial court was not involved until appellant filed motion to vacate arbitration award, which was denied); *Poire, supra* note 8, 491 A.2d at 532 (reciting that parties were ordered to proceed to arbitration and the litigation stayed until the arbitration award was confirmed). In fact, in *Tung* we noted that "[s]ince the trial court's order finally determined the rights and obligations of the parties, it was

final for purposes of appeal." 492 A.2d at 268 n. 1 (citation omitted).

 In sum, we have never held that § 16–4317 confers appellate jurisdiction under the circumstances of the present case where no judgment has been entered with respect to some of the parties in the action. Moreover, in none of the cases in which we have relied on § 16–4317 in addressing our jurisdiction did we decide whether that section was within the power of the Council to enact. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925), *quoted in Murphy v. McCloud,* 650 A.2d 202, 205 (D.C.1995). If a court in reaching a decision has not considered a particular point, then " 'the connection of the decision with that point is not a connection of effect and cause, but is purely accidental, and as to that point the decision is no authority whatever.' " *United States v. Kucik,* 844 F.2d 493, 498 (7th Cir.1988) (quoting WAMBAUGH, THE STUDY OF CASES 24–25 (2d ed. 1894)). In short, a rule of law should be the product of deliberation, not mere chance.[9] In particular, a decision passing upon a jurisdictional issue *sub silentio* is not precedent on that issue. *Murphy, supra* 650 A.2d at 205; *see also, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 119, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984); *United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 38, 73 S.Ct. 67, 69 & n. 9, 97 L.Ed. 54 & n. 9 (1952) (citing cases). Hence, both the application of § 16–4317 to the facts of the present case and the validity of the section are open questions.

---

9. This court has repeatedly held that *dictum* in a prior case is not binding precedent under *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). *E.g., Ceco Corp. v. Coleman,* 441 A.2d 940, 953 (D.C. 1982); *Punch v. United States,* 377 A.2d 1353, 1360 (D.C.1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978); *see also Murphy, supra,* 650 A.2d at 205 (stating that prior case is not precedent on an issue " 'unless the judicial mind has been applied to and passed upon the precise question' " (quoting *Fletcher v. Scott,* 201 Minn. 609, 277 N.W. 270, 272 (1938))). Although *dictum* is, of course, the

product of *some* deliberation, because, by definition, *dictum* is not necessary to the resolution of a case, there is simply insufficient basis to believe that it was considered with appropriate care and attention to warrant precedential effect. *See Albertie v. Louis & Alexander Corp.,* 646 A.2d. 1001, 1005 (D.C.1994) (quoting *United States v. Crawley,* 837 F.2d. 291, 292 (7th Cir.1988) (enumerating reasons why *dictum* is not accorded weight)). *A fortiori,* where a question is not even considered, its resolution, even if logically necessary to the outcome of the case, should not be accorded precedential weight.

### III.

■ This court's jurisdiction over appeals from the Superior Court extends to "final orders and judgments" and to certain interlocutory orders. D.C.Code § 11–721(a) (1995).[10] The order compelling Umana to arbitrate his claims against the individual firm members is not a final order. It is also not an appealable interlocutory order under the standard we adopted in *Brandon v. Hines,* 439 A.2d 496, 506–07 (D.C.1981), because it does not "frustrate (in contrast with facilitate) arbitration."[11] Nor does § 16–4317 attempt to make an order compelling arbitration appealable. *See American Fed'n Gov't Employees, supra* note 8, 439 A.2d at 480. Therefore, Umana's attempt to appeal the order compelling arbitration with the firm members must fail.

■ A decision confirming an arbitral award is, on the other hand, a final order, because for all practical purposes it signifies the end of the proceeding on the merits,

unless the court decides otherwise. *See Brandon, supra,* 439 A.2d at 507–08. Even though the order confirming the award in favor of Swidler may be final, "an order disposing of claims against fewer than all of the parties is not appealable." *Dyhouse, supra,* 455 A.2d at 901. Therefore, we may not exercise jurisdiction over this appeal pursuant to § 11–721(a)(1) in the absence of a proper order for entry of judgment pursuant to Superior Court Rule of Civil Procedure 54(b).[12] In fact, we recently dismissed an appeal by a plaintiff whose claim against one defendant had been denied, but whose claim against another was still pending. *Peoples v. Warfield & Sanford, Inc.,* 660 A.2d 397 (D.C. 1995). Although the trial court in *Peoples* had directed entry of judgment pursuant to Rule 54(b), we held the order inadequate because the trial court failed to make any findings justifying such treatment in the face of the policy against piecemeal review. *Id.*

■ Thus, if we were to exercise jurisdiction to review the order confirming the arbi-

10. D.C.Code § 11–721(a) provides in pertinent part:

The District of Columbia Court of Appeals has jurisdiction of appeals from—

(1) all final orders and judgments of the Superior Court of the District of Columbia;

(2) interlocutory orders of the Superior Court of the District of Columbia—

(A) granting, continuing, modifying, refusing, or dissolving or refusing to dissolve or modify injunctions;

. . . .

11. A division of this court has questioned the soundness of the holding in *Brandon* in light of subsequent developments in the federal case law relied upon in *Brandon* as persuasive authority. *Hercules & Co. v. Shama Restaurant,* 566 A.2d 31, 38 (D.C.1989). As noted in *Hercules & Co.,* however, only the court en banc may change *Brandon*'s interpretation of § 11–721(a).

12. Rule 54(b) provides:

When more than 1 claim for relief is presented in an action . . . or when multiple parties are involved, the Court may direct the entry of a final judgment as to 1 or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any

of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court has not entered judgment on the order confirming the arbitral award between Umana and Swidler. Because it has not been raised by the parties in the trial court or before us, we do not address the effect of § 16–4313 of the DCUAA, which provides, "Upon granting of an order confirming . . . an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." *Cf. Middleby Corp. v. Hussmann Corp.,* 962 F.2d 614, 616 (7th Cir.1992) (holding that where the trial court has confirmed an award, but withheld judgment thereon pending resolution by the court of other claims between the parties, 9 U.S.C. § 16(a)(1)(D), which is nearly identical to § 16–4317(a)(3), does not authorize an appeal by a prevailing party seeking judgment be entered immediately). *But cf. Dunlap v. State Farm Ins.,* 377 Pa.Super. 165, 546 A.2d 1209, 1211 (1988) (remanding case in which appeal was taken from order denying motion to vacate for entry of final judgment confirming award). To the extent it may modify the practice under Rule 54(b), we note that D.C.Code § 16–4313 might itself be in conflict with title 11. *See* D.C.Code § 11–946 ("The Superior Court shall conduct its business according to the Federal Rules of Civil Procedure . . . unless *it* prescribes or adopts rules which modify those Rules." (emphasis added)).

tration award, it would have to be by virtue of authority granted to us by the DCUAA. We hold, however, that in enacting the DCUAA, the Council did not intend to affect the general policy against piecemeal review embodied in D.C.Code § 11–721. Therefore, in the absence of entry of judgment by the trial court pursuant to Superior Court Rule of Civil Procedure 54(b), an order confirming an arbitral award as to fewer than all claims and all parties to an action is not appealable. Because we hold that the DCUAA does not attempt to confer jurisdiction upon this court under the circumstances of this case, we need not address the issue of whether, so interpreted, § 16–4317 would be consistent with the Home Rule Act.

In adopting the Uniform Arbitration Act, the Council altered the provisions for appeal as they were promulgated by the Commissioners on Uniform State Laws. The full text of § 16–4317 reflecting the emendations the Council made to section 19 of the Uniform Arbitration Act is shown below:

> (a) [An appeal may be taken from] *For purposes of writing an appeal, the following orders shall be deemed final:*
>
> > (1) An order denying an application to compel arbitration made under Section [2] *16–4302;*
> >
> > (2) An order granting an application to stay arbitration made under Section [2(b) ] *16–4302(b);*
> >
> > (3) An order confirming or denying confirmation of an award;
> >
> > (4) An order modifying or correcting an award;
> >
> > (5) An order vacating an award without directing a rehearing; [or
> >
> > (6) A judgment or decree entered pursuant to the provisions of this act.]
>
> (b) [The] *An* appeal *from an order or judgment entered pursuant to this act* shall be taken in the manner and to the same extent as from *any other* [orders or judgments in a] civil action.

*Compare* D.C.Code § 16–4317 *with* UNIF.ARBITRATION ACT § 19, 7 U.L.A. 216–17 (1985).

■ Our reading of § 16–4317 as not abrogating the requirement that all claims be resolved as to all parties, at least where the order is one *confirming* an arbitral award, is consistent with the language of the statute. The term "final" used in § 16–4317 is not synonymous with "appealable." In discussing the district court's authority under Federal Rule of Civil Procedure 54(b)[13] to enter judgment on fewer than all claims as to all parties, the Supreme Court has said:

> The District Court *cannot,* in the exercise of its discretion, treat as "final" that which is not "final" within the meaning of [28 U.S.C.] § 1291. But the District Court *may,* by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions.

*Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956).

Thus, merely because a decision is "final" does not necessarily mean that it is "release[d] for appeal." Instead, at least before promulgation of Federal Rule of Civil Procedure 54(b), to be appealable under § 1291, the decision had to be part of a single "judicial unit." *Id.* at 431–32, 76 S.Ct. at 897–98. Rule 54(b) merely "adapts the single judicial unit theory so that it better meets the current needs of judicial administration." *Id.* at 438, 76 S.Ct. at 901. We do not similarly construe § 16–4317 as further "adapting" the jurisdictional provisions of § 11–721(a)[14] because permitting an appeal at the present juncture in the instant case would not serve current needs of judicial administration, including the policy favoring arbitration, and would raise serious doubts under the Home Rule Act, which we discuss below.

Our interpretation of the language § 16–4317 consistent with § 11–721 appears to be

---

**13.** Federal Court Rule of Civil Procedure 54(b) is in all material respects identical to Superior Court Rule of Civil Procedure 54(b), *supra* note 13.

**14.** It should be noted that because 28 U.S.C. § 1291 and D.C.Code § 11–721(a)(1) are similar, we look to federal court decisions under § 1291 for guidance. *Employers Mut. Cas. Co. v. Keene Corp.,* 629 A.2d 581, 583 n. 1 (D.C.1993).

in line with the Council's intent as well. As the foregoing comparison between the Uniform Arbitration Act and the DCUAA highlights, the Council in enacting § 16–4317 did not want to be understood as attempting to confer jurisdiction on this court. Instead, the Council appears to list arbitration orders that come within the jurisdiction that Congress, in enacting D.C.Code § 11–721(a)(1), already has conferred upon us. Subsection (b) appears to emphasize the point, stressing that the appeal be taken "to the same extent as from *any other* order." D.C.Code § 16–4317(b) (emphasis added).

The Council's apparent solicitude for the limitations imposed by the Home Rule Act was not confined to § 16–4317. Section 17 of the Uniform Arbitration Act defines the term "court" and provides: "The making of an agreement [under the Act] providing for arbitration in this State *confers jurisdiction* on the court to enforce the agreement under this Act and to enter judgment on an award thereunder." Unif. Arbitration Act § 17, 7 U.L.A. 211 (1985) (emphasis added). The Council omitted the latter provision entirely. *See* D.C.Code § 16–4316 (defining the term "court" as the Superior Court).

The legislative history of the bill that ultimately became the DCUAA shows that an entire Uniform Act was dropped from consideration because of concerns regarding the Council's authority. As originally proposed, the bill that contained the Uniform Arbitration Act also contained the provisions of the Uniform Enforcement of Foreign Judgments Act. Those provisions were stricken because the "committee concluded that [the summary enforcement] provisions may be beyond the scope of this Council's legislative authority at this time." Council of the District of Columbia, Committee on Judiciary and Criminal Law, Report on Bill No. 1–140, at 2 (Nov. 9, 1976). Hence, it is apparent that the Council

was aware of the limitations on its authority when it considered and enacted the DCUAA.

In view of the care with which the Council acted in the area of the courts' jurisdiction, we should not construe § 16–4317 more expansively than is necessary to achieve the policies underlying the Act. The DCUAA was enacted to facilitate resolution of disputes through arbitration. Allowing immediate appeal of orders that frustrate arbitration furthers the goal of the DCUAA. *Cf. Brandon, supra,* 439 A.2d at 506–07 (holding that "only orders that frustrate (in contrast with facilitate) arbitration impose a sufficiently serious injury to justify an immediate appeal"). In fact, in *American Federation of Government Employees, supra* note 8, 439 A.2d at 480, we held that orders compelling arbitration are not appealable based on the omission of such orders from the list in § 16–4317(a). On the other hand, permitting immediate appeal, such as this one, of an order *confirming* an arbitral award, notwithstanding the pendency of other claims, would not significantly facilitate arbitration. *Cf. Middleby Corp., supra* note 13, 962 F.2d at 616 (dismissing an appeal by a prevailing party seeking judgment on an order confirming an arbitral award where the trial court had withheld judgment pending resolution by the court of other claims between the parties; holding that because the award concerned "money, delay does not create irreparable injury"). Thus, reading § 16–4317 as not providing for such an appeal does not frustrate the policy underlying the DCUAA.

▬ Interpreting § 16–4317 to permit this court to review an order confirming an arbitration award as to fewer than all the parties or claims is not only unnecessary to the purpose of the DCUAA but, by creating appellate jurisdiction where none existed previously, could possibly contravene the Home Rule Act and render the statute invalid.[15] Statutes should generally be construed

---

**15.** Were § 16–4317 to confer jurisdiction on this court, its validity would be doubtful under the Home Rule Act, D.C.Code § 1–233(a)(4), *supra* note 7. That provision means that "the Council of the District of Columbia may not enlarge the congressionally prescribed limitations on our jurisdiction." *Jones & Artis Constr. Co. v. District of Columbia Contract Appeals Bd.,* 549 A.2d 315, 318 (D.C.1988); *accord District of Columbia v.*

*Group Ins. Adm.,* 633 A.2d 2, 14 (D.C.1993); *see also Hessey v. Burden,* 584 A.2d 1, 7 (D.C.1990) (holding that test is whether local legislation attempts to confer jurisdiction that would conflict with the terms of title 11); *Capitol Hill Restoration Soc. v. Moore,* 410 A.2d 184, 187–88 (D.C.1979).

to avoid any doubt as to their validity. *See District of Columbia v. Gueory,* 376 A.2d 834, 836 (D.C.1977); *District of Columbia v. Edgcomb,* 305 A.2d 506, 510 (D.C.1973). That principle follows from a desire to avoid unnecessary opinions concerning organic law and to effect legislative intent. We decline to adopt a construction that would open to question the validity of the statute when it is not compelled by the language or the purpose of the statute.

*Appeal dismissed.*

TERRY, Associate Judge, concurring in the result:

The jurisdictional issue lurking in the shadows of this case is an extremely difficult one. On the one hand, D.C.Code § 16–4317 (1989), part of the Uniform Arbitration Act, appears to bestow jurisdiction on this court to consider Mr. Umana's appeal.[1] On the other hand, section 16–4317 was enacted in 1977 by the Council of the District of Columbia, not by Congress, and D.C.Code § 1–233(a)(4) (1992), part of the District of Columbia Self-Government Act (the "Home Rule Act") enacted by Congress in 1973, prohibits the Council from enacting any legislation "with respect to" the jurisdiction of the District of Columbia courts. Thus, if the Council was without power to enact section 16–4317, then at least part of section 16–4317 is a nullity, including the part that serves as the purported jurisdictional basis for this appeal.

This tension between the Arbitration Act and the Home Rule Act is a matter that this court has not previously addressed. I think the court eventually will have to consider it en banc. In the meantime I am persuaded, at least tentatively, that Judge Ruiz is on the right track in concluding that we lack jurisdiction of the instant appeal, and for that

reason I join in voting to dismiss it. What happens next with this case remains to be seen. If it is reheard en banc, I would expect the Corporation Counsel, on behalf of the District of Columbia, to remain in the case as *amicus curiae* and to participate in any further briefing or oral argument.

The limitation of D.C.Code § 1–233(a)(4) does not, of course, in any way limit the Council's authority to enact or to alter the substantive law to be applied by the courts. *See, e.g., District of Columbia v. Greater Washington Central Labor Council,* 442 A.2d 110, 117–18 (D.C.1982), *cert. denied,* 460 U.S. 1016, 103 S.Ct. 1261, 75 L.Ed.2d 487 (1983); *District of Columbia v. Sullivan,* 436 A.2d 364, 365–68 (D.C.1981). It simply means that the Council may not change the manner in which title 11 operates to prescribe

the jurisdiction of the courts in administering those laws.

1. D.C.Code § 16–4317(a)(3) states that an order "confirming or denying confirmation" of an arbitration award "shall be deemed final," and D.C.Code § 11–721(a)(1) (1995) grants this court jurisdiction over "all final orders and judgments of the Superior Court...."