**M.A. EVERETT, et al., Appellants,**

v.

**US AIRWAYS GROUP, INC.,
et al., Appellees.**

No. 96–7158.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 7, 1997.

Decided Jan. 6, 1998.

Brian W. Shaughnessy, Washington, DC, argued the cause for appellants, with whom Philip A. Gagner and Lester A. Katz were on the briefs.

Neal D. Mollen, Washington, DC, argued the cause for appellees, with whom Zachary D. Fasman and Erin M. Sweeney were on the brief.

Before: GINSBURG, SENTELLE and ROGERS, Circuit Judges.

Opinion for the court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

A group of retired and active US Airways pilots (collectively, "Pilots") appeal from a decision of the district court dismissing two claims as subject to mandatory arbitration under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, and staying proceedings on a third claim pending the outcome of that arbitration. Because the district court's order is not final, and no exception to the final order rule applies, we dismiss the appeal for lack of appellate jurisdiction.

## I

Around 500 retired and active US Airways pilots sued US Airways Group, Inc. and its pension fund (collectively, "US Airways") for: (1) failure to pay approximately $70 million in benefits due under Sections 1054(g) and 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*; (2) violation of ERISA's disclosure provision, 29 U.S.C. § 1022; and (3) breach of ERISA fiduciary duties, 29 U.S.C. § 1104. The Pilots are each eligible for pension benefits under a plan collectively bargained in 1972 between US Airways and the Air Line Pilots Association ("ALPA"). This 1972 collective bargaining agreement replaced the pension benefits of participants under a prior plan with a "minimum benefit" based in part on "the investment performance of the Standard and Poor's 500 stock index (unadjusted for dividends)." The Pilots allege that US Airways has improperly interpreted the relevant language of the 1972 agreement by excluding dividends from its benefit computations.

On motion for summary judgment, the district court dismissed Counts (1) and (3), holding that the district court lacked subject matter jurisdiction over these claims because they depended on the proper interpretation of a collective bargaining agreement and thus were subject to mandatory arbitration under the RLA. *See Everett v. USAir Group, Inc.*, 927 F.Supp. 478, 482–83 (D.D.C.1996). The district court retained jurisdiction over Count (2), holding that even if US Airways properly interpreted the agreement, it had an independent duty under ERISA to provide a summary plan description that was "calculat-

ed to be understood by the average plan participant." *Id.* at 484. The district court stayed proceedings on Count (2) until the end of the arbitral process. *Id.*

Claiming among other things futility of resort to an arbitration process controlled by US Airways and ALPA, both of whom the Pilots believe have interests adverse to their own, the Pilots ask this court to reverse the district court's dismissal of Counts (1) and (3). Because the order of the district court is not final, we have no jurisdiction to reach the merits of the Pilots' claims.

## II

Our jurisdiction to review judgments of the district court is limited to "appeals from all *final* decisions," 28 U.S.C. § 1291 (emphasis added), and to interlocutory appeals that fall within the narrow exceptions defined by 28 U.S.C. § 1292. Thus, we cannot review this case unless the judgment of the district court is final or one of the conditions enumerated in § 1292 is satisfied.

A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The question presented by this case is whether the order may be considered final because the district court dismissed two of the claims for lack of subject matter jurisdiction and the stay of the third claim is, arguably, effectively unreviewable. The Federal Rules of Civil Procedure speak directly to these issues, providing in relevant part:

> When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... *only* upon an express determination that there is no just reason for delay *and* upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order ... which adjudicates fewer than all the claims ... shall not terminate the action* as to any of the claims....

Fed.R.Civ.P. 54(b) (emphasis added); *see also Summers v. United States Dep't of Justice,* 999 F.2d 570, 571 n. 1 (D.C.Cir.1993) (citing *Kappelmann v. Delta Air Lines, Inc.,* 539 F.2d 165 (D.C.Cir.1976)); 15A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.7, at 544 (2d ed.1992) (describing the bright-line rule that "[a]bsent an express direction for entry of judgment, an order that disposes of less than all the claims—no matter with what firmness and apparent finality—is not appealable....").

■ In the instant litigation, the trial court dismissed two of three claims, but stayed Count (2) pending the outcome of arbitration. The stay of judgment on a claim pending arbitration does not constitute a final ruling by the trial court with respect to that claim. *See McCowan v. Dean Witter Reynolds Inc.,* 889 F.2d 451, 453–54 (2d Cir. 1989) (holding that an order dismissing two claims and referring two others to arbitration is not final). Thus, the district court adjudicated "fewer than all the claims" and, without the express determination and direction required by Rule 54(b), the judgment cannot be considered final "as to any of the claims." Of course, entry of judgment according to Rule 54(b) is not alone sufficient to confer appellate jurisdiction—an appellate court must also satisfy itself that the district court applying Rule 54(b) properly determined the particular claims to be final and distinct from other claims in the litigation. *See Gold Seal Co. v. Weeks,* 209 F.2d 802, 807 (D.C.Cir. 1954) (noting that Rule 54(b) only permits entry of final judgment with respect to "a claim distinct from the other claim or claims"); *InverWorld, Ltd. v. Commissioner,* 979 F.2d 868, 874 (D.C.Cir.1992) ("Rule 54(b) does not 'create' finality under § 1291 where it does not *already* exist...."). But this does not imply, as the Pilots contend, that compliance with Rule 54(b) is unnecessary. Where, as here, the district court adjudicates fewer than all of the claims, finality with respect to certain claims, while not a sufficient condition for appellate review of those claims, is a necessary one. Barring some other exception to the final decision rule, appellate review of an order which does not decide all the claims presented requires *both*

finality with respect to the adjudicated claims *and* entry of judgment on those claims in accordance with Rule 54(b). Because the latter condition is not met in this case, the district court's order cannot be considered final with respect to *any* of the claims.

■ The Pilots also try to bring the district court's ruling within the narrow "collateral order" exception to the doctrine of finality as set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). We have recognized that "[t]o fall within the small class of decisions excepted from the final judgment rule by *Cohen,* the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Summers v. United States Dep't of Justice,* 925 F.2d 450, 453 (D.C.Cir.1991) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)) (internal quotation marks omitted). The Pilots initially contended that because they expect the retirement board to rule against them, and because under the RLA an arbitration decision is "effectively unreviewable," the practical effect of the referral to arbitration will be to end the entire case. Not only have the Pilots failed to explain why this should imply finality with respect to the disclosure violations alleged in Count (2), but both parties agreed at oral argument that at the end of arbitration, after a final judgment from the district court on the entire case, this Court could review any error in the initial decision dismissing Counts (1) and (3) as subject to mandatory arbitration. Thus, neither the decision to refer Counts (1) and (3) to arbitration nor the stay of Count (2) are "effectively unreviewable on appeal from a final judgment," and the collateral order exception does not apply.

■ The Pilots also urge upon us a "practical finality" doctrine drawn from *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Discussing *Cohen, Gillespie* recognized that the finality requirement should be given "a practical

rather than a technical construction." *Id.* at 152, 85 S.Ct. at 311 (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1226). *Gillespie* noted that in "marginal cases," *i.e.,* where finality is a close question, courts should consider the "inconvenience and costs of piecemeal review" as well as the "danger of denying justice by delay." *Id.* at 152–53, 85 S.Ct. at 311. The Pilots argue that *Gillespie* expands the set of exceptions to the finality rule, and some authority supports that proposition. *See, e.g., Service Employees Int'l Union, Local 102 v. County of San Diego,* 60 F.3d 1346, 1349–50 (9th Cir.1995), *cert. denied,* 516 U.S. 1072, 116 S.Ct. 774, 133 L.Ed.2d 726 (1996) (finding appellate jurisdiction to rule on a central legal question arising from a "marginally final" order when the only remaining proceeding in the district court was a calculation of damages); *Travis v. Sullivan,* 985 F.2d 919, 922–23 (7th Cir.1993) (holding that a district court order remanding proceedings to an agency under particular statutory provisions was immediately appealable even though not fitting precisely within the contours of the collateral order rule). But it is just as plausible that the *Gillespie* dictum does nothing more than discuss application of existing doctrine. As we have noted, "No federal appellate court, to our knowledge, has ever followed the *Gillespie* dictum in a case in which the appeal could not be justified on the basis of some other, narrower, policy demanding deviation from the finality rule." *Green v. Department of Commerce,* 618 F.2d 836, 841 (D.C.Cir.1980).

We recognize the warning of the Supreme Court that "[i]f *Gillespie* were extended beyond the unique facts of that case, § 1291 would be stripped of all significance." *Coopers & Lybrand,* 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30. As we have already discussed, the Pilots·have an adequate remedy on appeal from a final judgment, and the *Cohen* exception therefore does not apply. We decline—at least on these facts—to hold that *Gillespie* provides an additional exception to the finality rule or otherwise expands the set of cases deemed final under the collateral order doctrine. In summary, the judgment of the district court cannot be deemed final and subject to appeal under § 1291.

■ The Pilots further argue that the judgment qualifies for interlocutory appeal under 28 U.S.C. § 1292(a)(1), which confers jurisdiction over appeals from district court orders "granting, continuing, modifying, refusing or dissolving injunctions." They rely on *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), in which the Supreme Court held that this provision also allows in some cases appeals from orders having "the practical effect of refusing an injunction." *Id.* at 84, 101 S.Ct. at 996. The district court in *Carson* had refused to enter a proposed consent decree which would have required one party to give hiring and seniority preferences on the basis of race. *Id.* at 81, 101 S.Ct. at 995. The heart of the rejected settlement involved "prospective relief" that would have "permanently enjoined respondents from discriminating against black employees." *Id.* at 84, 101 S.Ct. at 996. The Court held that because rejection of the settlement could not be "effectually challeng[ed]" and plainly had a "serious, perhaps irreparable, consequence," the order should be deemed immediately appealable within the ambit of § 1292(a)(1). *Id.* at 86, 101 S.Ct. at 997.

■ The instant case is readily distinguishable from *Carson.* The Pilots have sought no relief which we could properly deem injunctive. Asking the court to enjoin US Airways to interpret pension provisions in a certain fashion merely restates the Pilots' claim for benefits under ERISA. Indeed, not only do we find dubious the Pilots' claim that the order has the effect of denying injunctive relief, but *Carson* also requires that "[u]nless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.* at 84, 101 S.Ct. at 996 (internal quotation marks omitted). As already discussed at length, the district court's order can be adequately challenged by appeal from a final judgment issued after the completion of arbitration. The Pilots will suffer no harm

sufficient to invoke the interlocutory review provisions of § 1292(a)(1).

## CONCLUSION

We conclude that the partial dismissal by the district court neither constitutes a final order nor satisfies any of the exceptions to the finality rule. We therefore dismiss the appeal for lack of appellate jurisdiction.