Johnny MADDOX, Appellant,

v.

B. A. BANO et al., Appellees.

No. 79–44.

District of Columbia Court of Appeals.

Submitted May 20, 1980.

Decided May 28, 1980.

Eugene J. Fitzpatrick, Rockville, was on the brief for appellant.

Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, Leo N. Gorman and Martin L. Grossman, Asst. Corp. Counsel, Washington, D.C., were on brief for appellees.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

This appeal is from a summary judgment disposition [1] in a civil action against the District of Columbia, the Chief of Police, and two police officers. Finding no error requiring reversal, we affirm.

## I

Appellant commenced the action on June 15, 1976, alleging in substance that on June 17, 1973, the police officers acted "willfully, wantonly, and recklessly, and in a negligent manner" in accomplishing his arrest, with the result that his left arm was fractured. He further alleged that the District of Columbia, as well as Maurice Cullinane, the then Chief of the Metropolitan Police Department, "negligently failed in their duty to train, instruct, supervise and control" the defendant police officers regarding arrest procedures. Appellant demanded of the defendants (appellees) damages, compensatory and punitive. Urging that the action was barred by the one–year statute of limitations,[2] appellees moved for summary judgment as to all counts of the complaint. Finding that the "sum and substance" of the complaint pled the intentional torts of assault, battery and false arrest, the trial court on August 25, 1978 granted the motion. In addition, the court ordered judgment entered in favor of the District of Columbia and Cullinane on plaintiff's claim of negligent training, instruction, supervision and control, since those claims were barred by the notice statute, D.C. Code 1973, § 12–309. The court, however, simultaneously allowed appellant leave to file an amended complaint "to clarify only plaintiff's claim that his physical injury was the

1. Super.Ct.Civ.R. 56(b), (c).

2. D.C. Code 1973, § 12–301.

result of negligence by the arresting officers, as opposed to intentional tort." Thereafter, appellant filed on September 19, 1978, an amended complaint alleging that:

On or about June 17, 1973, the Defendants Bano and Doe did take into their physical control and custody in the course of an arrest, the Plaintiff, a private citizen; it was then and there the duty of said Defendants and owing to the Plaintiff, that they exercise due care of the person of the Plaintiff in the making of said arrest, notwithstanding which the Defendants, in breach of said duty to the Plaintiff, did carelessly and negligently effect said arrest, and as a proximate cause of said carelessness and negligence, the Plaintiff did sustain a fracture of the left arm.

On November 27th the trial court determined that the allegations of the amended complaint, couched as they were in "conclusory terms," shed "no light whatsoever" on his claim of negligence. Finding that the amended complaint only reiterated in substance the claims of intentional tort that were barred by the statute of limitations, he again granted appellees' motion for summary judgment. This appeal followed.

Appellant now contends that the trial court erred in granting summary judgment on the amended complaint based upon the conclusion that the action was barred by ·the one–year statute of limitations governing actions for assault and battery.

## II

Summary judgment is an extreme remedy that is appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944); *Nader v. deToledano*, D.C.App., 408 A.2d 31, 41, *rehearing and rehearing en banc denied*, (1979); *Willis v. Cheek*, D.C.App., 387 A.2d 716, 719 (1978). The moving party has, of course, the burden of establishing that there is no issue of material fact, and all inferences that may be drawn from subsidiary facts must be resolved against him. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). After reviewing the record in the case at bar, we conclude that the trial judge did not err in determining that appellees carried their initial burden of showing there were no material facts in dispute. Consequently, there was no issue of fact sufficient to bar summary judgment, and the facts agreed to by both parties support the ruling as a matter of law. *See* Super.Ct.Civ.R. 56(c).

D.C. Code 1973, § 12–301 states in pertinent part:

Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:

\* \* \* \* \* \*

(4) for libel, slander, assault, battery . . . false imprisonment–1 year;

\* \* \* \* \* \*

(8) for which a limitation is not otherwise specially prescribed–3 years.

Appellant's complaint described an injury received as a consequence of excessive force alleged to have been exercised by the arresting officers. There is no dispute that the physical contact was intentional, and such intentional contact constitutes battery. *See Maes v. Tuttoilmondo*, 31 Colo.App. 248, 502 P.2d 427 (1972); *see also Wade v. District of Columbia*, D.C.App., 310 A.2d 857, 862 (1973); D.C. Code 1973, § 4–176. Paragraphs 4 and 5 of appellant's amended complaint specify no negligent act, and fail to characterize the breach of duty which might have resulted in negligence liability. The only tortious conduct clearly pled is assault and battery. The terms, "carelessly and negligently," are conclusory assertions, and without more the complaint does not raise a cognizable claim of negligence. *See Kelton v. District of Columbia*, D.C.App., 413 A.2d 919, 922 n.5 (1980). Moreover, the

trial court was not bound by plaintiff's characterization of the action. *Kelton, supra* at 922; *Morfessis v. Baum,* 108 U.S. App.D.C. 303, 281 F.2d 938 (1960). Considering the elements of the alleged offense, we conclude that appellant's complaint pleads in substance a cause of action for assault, battery, false arrest, and nothing more. From this it must follow that the claim is barred against all appellees by the statute of limitations. Section 12–301(4), *supra.*

*Affirmed.*