Craig C. SHIMER, et al., Appellants,

v.

H.D. EDWARDS, et al., Appellees.

No. 83–1028.

District of Columbia Court of Appeals.

Submitted Sept. 19, 1984.

Decided Oct. 9, 1984.

Douglas J. Rykhus, Washington, D.C., for appellants.

Julian Karpoff, Washington, D.C., for appellees. John F. Mahoney, Jr. and Henry H. Brylawski, Washington, D.C., also entered appearances. Timothy G. Casey, Rockville, Md., for appellee Long & Foster Real Estate, Inc., joined in brief, for appellee Edwards.

Before NEWMAN, Chief Judge, and MACK and TERRY, Associate Judges.

PER CURIAM:

The issue presented on this appeal is whether the trial court abused its discretion in dismissing a civil action due to the Shimers' delay in filing answers to an interrogatory. Finding an abuse of discretion, we reverse.

The Shimers sued three parties including Edwards, essentially for breach of contract. After an amended complaint was filed, Edwards filed a single interrogatory on February 17, 1983, which read as follows: "Please itemize each and every element of damages claimed in Counts I and II of your Complaint." No Answer to Interrogatory having been filed, Edwards filed a motion on May 5, 1983, to compel discovery. Judge Salzman entered an order directing the answers to the interrogatory be filed by June 27, 1983, and directing that the Shimers pay to Edwards' attorney $200 in counsel fees.[1] No answers having been received by July 14, 1983, upon notice by counsel for Edwards to counsel for the Shimers, counsel for both parties appeared for a hearing on Edwards' application for dismissal of the complaint. In a hearing covering three pages of transcript, counsel for Edwards recounted the case history (this occupies one page of the transcript); counsel for the Shimers informed the court that answers to the interrogatories had not been signed by the Shimers; that he expected to file the signed answers within a day or so; that he had mailed a copy of the unsigned answers to counsel for Edwards; and that he would personally guarantee payment of the $200 attorney's fees his clients had been ordered to pay. (This covers page two of the transcript.) Counsel for Edwards responded by again recounting the chronology and stating "what we see is a subtle course of disregard for the Rules of the Court, for the order of the Court and for the courtesies of opposing counsel...." With no further relevant dialogue, the court granted the motion. The written order provided: "that the within Complaint be, and it hereby is, dismissed with prejudice...."[2]

█ Dismissal for failure to comply with a discovery order is the most draconian sanction existing under Super.Ct.Civ.R. 37(b). In weighing whether the grant of such a sanction would constitute a proper exercise of discretion, *see generally Johnson v. United States*, 398 A.2d 354 (D.C.

---

1. No time limit for this payment was contained in the order.

2. No reason appears of record why the complaint was dismissed as to the defendants who were not involved in the discovery matter.

1979), the trial court must: (1) recognize that such a dismissal runs counter to valid societal preference for a decision on the merits; (2) inquire into the nature of the noncompliance; (3) evaluate the prejudice to the moving party; and (4) consider alternative, less harmful sanctions. *Grier v. Rowland,* 409 A.2d 205 (D.C.1979); *Pollock v. Brown,* 395 A.2d 50, 52 (D.C.1978); *Koppal v. Travelers Indemnity Co.,* 297 A.2d 337 (D.C.1972).

■ The record in this case shows no information on which the court could have made a finding as to prejudice to Edwards and reflects no consideration of lesser sanctions. Thus, we cannot find a proper exercise of discretion. *See generally Johnson v. United States, supra.*

*Reversed.*