Dorothy T. VINCENT, Appellant,

v.

Ronald L. ANDERSON, Appellee.

No. 89–CV–1107.

District of Columbia Court of Appeals.

Submitted Feb. 21, 1991.

Decided Feb. 19, 1993.

Nathaniel H. Speights, Washington, DC, was on the brief, for appellant.

Lee T. Ellis, Jr. and Leonard H. Freiman, Washington, DC, were on the brief, for appellee.

Before FERREN and WAGNER, Associate Judges, and PRYOR, Senior Judge.

WAGNER, Associate Judge:

The principal issue presented on this appeal is whether the trial court erred in dismissing with prejudice appellant's complaint under the Wrongful Death [1] and Survival Statutes,[2] based on a claim of medical malpractice because appellant failed to designate a medical expert. Preliminarily, appellee argues that this court lacks jurisdiction of this appeal because appellant did

---

**1.** D.C.Code § 16–2701 (1989).

**2.** D.C.Code § 12–101 (1989).

not file timely her notice of appeal. As to the latter issue, we hold that appellant's notice of appeal was timely filed because the time to note an appeal in this case was tolled by the filing of a motion to vacate dismissal which was properly one for reconsideration under Super.Ct.Civ.R. 59. We reverse the order dismissing the complaint as improper under Super.Ct.Civ.R. 12(b)(6) and as an abuse of discretion under Rule 37(b).

## I

This case commenced on December 5, 1986, when appellant filed a *pro se* complaint against appellee, Ronald L. Anderson, M.D., an ophthalmologist, who had rendered care to appellant's minor son, Brian Vincent. After retaining counsel, appellant filed an amended complaint on April 22, 1987 under the Wrongful Death and Survival Statutes asserting claims based on negligence, breach of contract, and assault and battery theories. Underlying all of appellant's allegations is the alleged failure of appellee to diagnose, treat, or refer for treatment appellant's son.[3] Appellant alleged that appellee's acts and omissions caused the decedent's loss of sight and subsequent death. Specifically, according to appellant's pretrial statement, appellee's liability is premised on medical malpractice, *i.e.*, "negligence in failure to treat and diagnose or refer for treatment and breach of contract."

Appellee filed and served an interrogatory on appellant on September 29, 1987, requesting that appellant identify any witness she intended to call as an expert at trial and to state for each the subject matter, facts, and opinion about which the witness was expected to testify, and a summary of the grounds for each opinion. On November 10, 1987, appellant responded that she had not yet determined who her expert would be, but that she would supplement the answer to the interrogatory. Subsequently, appellee made informal efforts to obtain a response to the interrogatory without success. Therefore, he filed a motion to compel discovery on October 27, 1988. In that motion, appellee sought not only a response to the single interrogatory served on September 29th, but also more complete responses to additional discovery requests which appellee had propounded on March 20, 1988. In the motion appellee contended that appellant's failure to designate an expert witness hindered appellee's trial preparation and that trial was only three months away. By order dated January 25, 1989, the court (per Judge George Mitchell) ordered appellant to provide the additional responses to the discovery.

A pretrial hearing was held on January 12, 1989. In an amended pretrial statement, appellant listed as witnesses the following persons: Gabe Mirkin, M.D., James A. Mutcherson, Jr., M.D., Robert D. Cawley, M.D., David Friendly, M.D., and an "unknown expert witness—ophthalmologist." The court entered a pretrial order requiring appellant to name her experts, if any, no later than March 15, 1989 and rescheduling the trial date to June 19, 1989. The order also provided a schedule for appellee to depose any experts named, to name his own experts, and for appellant to depose appellee's experts.[4] When appellant failed to name an expert witness by the deadline, appellee filed a motion on March 29, 1989 to dismiss the complaint.[5]

---

3. Although appellant filed the original action in her own name, the trial court subsequently allowed her to proceed individually, and as personal representative of the estate of Brian T. Vincent, deceased.

4. The order provided as follows: "Plaintiff will name her experts, if any, no later than March 15, 1989. Defendant may depose the experts by April 12, 1989. Defendant shall name his own expert, if any, no later than April 19, 1989. Plaintiff may depose defendant's experts no later than May 24, 1989."

5. Appellee had also filed a motion to dismiss the complaint on December 29, 1988 which was virtually identical to the motion filed on March 29, 1989. The earlier motion was based upon appellant's failure to identify an expert witness who could testify that appellee had breached any standard of care. In both motions, appellee also relied upon Super.Ct.Civ.R. 12(b)(6), 26 and 37. On the same day that the court granted appellee's motion to compel discovery, it provided additional time for appellant to respond to it. The court also denied the earlier motion to

The motions judge (Judge Murphy) granted the motion on May 16, 1989 without opinion. That same date the court also denied appellant's motion for enlargement of time to obtain an expert witness. The court's orders were not docketed until May 26, 1989.

On June 8, 1989, appellant filed a "Motion to Vacate Judgment of Dismissal Pursuant to SCR 59 and R. 60(b)." The court (Judge Wertheim) entered an order denying the motion on August 14, 1989, which was docketed on August 15, 1989. Appellant noted an appeal from that order on September 14, 1989.[6]

## II

■ Appellee argues that this court lacks jurisdiction to entertain the appeal because the notice of appeal was not timely filed. Under D.C.App.R. 4(a)(1), an appeal in a civil case must be filed within thirty days after the entry of the judgment or order from which the appeal is taken. The order dismissing appellant's complaint was docketed on May 26, 1989. Appellant did not note an appeal until September 14, 1989, which she specified as a notice of appeal from the order denying the motion to vacate the dismissal. Appellee contends that the motion to vacate can only be a Rule 60(b) motion, which does not toll the time for noting an appeal. Thus, he argues, the merits of the trial court's dismissal of the complaint are not properly before this court.

■ The scope of our review depends upon the nature of appellant's motion to vacate. To resolve the jurisdictional question, we must determine first whether appellant's motion was one filed pursuant to Super.Ct.Civ.R. 59(e)[7] or 60(b).[8] A timely motion filed pursuant to Super.Ct.Civ.R. 59(e) tolls the time for noting an appeal until the motion is acted upon. *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 803 n. 5 (D.C.1984); *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 47 (D.C.1978); *De Levay v. Marvin's Credit Inc.,* 127 A.2d 554 (D.C.1956). Appellee argues correctly that a Rule 60(b) motion does not. *Smith v. Canada,* 305 A.2d 521, 522 (D.C.1973). Although a motion in the nature of a motion for reconsideration filed pursuant to Rule 59(e) is not an appealable order, appeals purporting to be from such orders allow us to view the appeals as being taken from the final order for which reconsideration was sought. *Coleman,* 388 A.2d at 46. The record reflects that appellant's motion was filed timely within ten days of the docketing of the court's dismissal order. Therefore, if indeed the motion was one cognizable under Super.Ct.Civ.R. 59(e), this court may consider appellant's challenge to the underlying order dismissing her claims.

■ Appellant designated her motion as one proceeding under both Super.Ct.Civ.R. 59(e) and 60(b). However, the nature of a motion is not determined by its caption, but rather by the nature of the relief sought.

dismiss, which was based essentially on appellant's failure to provide discovery.

**6.** Appellant filed a second motion to vacate on August 18, 1989 which was denied on January 8, 1990 while the present appeal was pending.

**7.** Super.Ct.Civ.R. 59(e) provides:

A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment.

**8.** Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

*Friend v. Friend,* 609 A.2d 1137, 1138 (D.C.1992); *Wallace, supra,* 482 A.2d at 804; *Coleman, supra,* 388 A.2d at 46. In her motion, appellant sought to have the court vacate the order of dismissal for the following reasons: (1) she had found an expert witness; (2) as previously indicated, she intended to present other treating physicians who had the requisite expertise to prove her case, and she planned to rely on the testimony of appellee, a medical expert; (3) she had at all times been diligent; (4) the sanction of dismissal is extreme; (5) appellee could show no prejudice; (6) an expert witness was not needed to prove every count of the complaint. Appellee had supported his motion to dismiss with references to Rules 12(b)(6), 26, 37, the pretrial order and the record. Appellant's request to vacate the order was premised, in part, on a claim that the trial court failed to adhere to the applicable legal standards required in imposing sanctions for violation of these rules of discovery.

■ The trial court is empowered to impose sanctions for violation of discovery orders. In the exercise of its discretion in doing so, it must act in accordance with established standards, which include that dismissal should be granted under only the most severe circumstances and that the sanction should fit the offense. *Nolan v. Nolan,* 568 A.2d 479, 487 (D.C.1990); *Vernell v. Gould,* 495 A.2d 306, 311 (D.C.1985). In determining what constitutes severe circumstances the court must consider whether noncompliance was willful or prejudicial to the other side. *Nolan,* 568 A.2d at 487; *Vernell,* 495 A.2d at 311. Appellant argued in the motion to vacate that the sanction of dismissal was extreme, that the transgression did not prejudice appellee and that her conduct was not willful. Appellant also contended that the dismissal was improper where she had other competent evidence to support her complaint.

We are persuaded that appellant's motion could be considered properly under either rule. On the one hand, appellant sought relief from what she contended to be an improper application of the law. Appellant claimed that the trial court erred as a matter of law in granting dismissal for failure to designate an expert witness where one was not legally required. She also argued that the legal requirements for dismissal for violation of discovery orders were not met. Where, as here, movant seeks relief from alleged legal errors in the trial court's judgment, a timely filed motion may be considered properly under Rule 59(e). *Wallace, supra,* 482 A.2d at 804.

■ Appellee is correct in pointing out that appellant's motion for relief from dismissal also involved a claim of new facts, namely that appellant for the first time was prepared to designate her own expert witness. A motion which requests consideration for the first time of additional circumstances is one which may be designated more properly as filed under Rule 60(b). *Forgotson v. Shea,* 491 A.2d 523, 528 (D.C. 1985); *Wallace, supra,* 482 A.2d at 804. However, where it is not clear whether a particular motion should be considered appropriately under Rule 59(e) or 60(b), consistent with the liberal construction policies of these rules, the motion should generally be considered under Rule 59(e), if timely filed. *Wallace,* 482 A.2d at 804.

The motion in this case was clearly timely filed. Rule 59(e) requires that the motion be filed no later than ten days after entry of judgment. *See id.* at 805; *Coleman, supra,* 388 A.2d at 45. While the court's order was signed on May 16, 1989, the controlling date for purposes of computing the ten day period is May 26, 1989, the date on which the order was docketed by the Clerk. *See* Super.Ct.Civ.R. 79(a) (procedures for entry of order or judgment by the Clerk); *Johnson v. Johnson,* 401 A.2d 962, 965 (D.C.1979) (judgment not final until entered by the Clerk); *see also* Super.Ct.Civ.R. 77(d) (notice of orders and judgments signed out of presence of parties to be served by the Clerk); Super.Ct.Civ.R. 6(a) (computation of time). A motion for reconsideration filed within the ten day period tolls the time for noting an appeal pursuant to D.C.App. Rule 4(a)(2) until the motion is acted upon. *See Coleman,* 388 A.2d at 47. The court entered an order denying the motion on August 14,

1989, which was docketed on August 15, 1989. Therefore, appellant's notice of appeal filed on September 14, 1989 was timely.[9] For the foregoing reasons, the court may consider appellant's challenge to the underlying order of dismissal.

## III

 The trial court dismissed appellant's complaint without specifying its reason for doing so. An examination of appellee's motion to dismiss shows appellee relied primarily upon appellant's failure to name an expert witness. Appellee argued that in a case of medical malpractice, in order to present a prima facie case of negligence the moving party is required to establish by expert testimony the standard of care and causation. *See Richbow v. District of Columbia*, 600 A.2d 1063, 1066 (D.C.1991); *Eibl v. Kogan*, 494 A.2d 640, 642 (D.C.1985). Appellant contended that she had sufficient evidence to make out the claims for which such expertise was required. Appellant represented that she intended to rely upon the testimony of the defendant and four other treating physicians. Under certain circumstances, a plaintiff in a medical malpractice case may be able to establish a prima facie case of negligence through the defendant-physician and other treating physicians. *Eibl*, 494 A.2d at 642; *Abbey v. Jackson*, 483 A.2d 330, 333–34 (D.C.1984). We need not, and cannot address on this record, whether appellant can do so in this case because of the procedural context in which the issue was raised below and the scope of the issues presented on appeal.

 As previously stated, appellee's motion was premised on a number of rules, including Rule 12(b)(6). Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." The Rule is designed to test solely the legal sufficiency of the complaint. *American Ins. Co. v. Smith*, 472 A.2d 872, 873–74

(D.C.1984). A complaint may not be dismissed under Rule 12(b)(6) unless it appears that a plaintiff can prove no facts in support of the claim which would entitle the plaintiff to relief. *Johnson–EL v. District of Columbia*, 579 A.2d 163, 166 (D.C. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); accord *Vickey Bagley Realty, Inc. v. Laufer*, 482 A.2d 359, 363 (D.C.1984). When considering a motion under this rule, the court must construe the complaint in the light most favorable to the plaintiff, assuming for purposes of the motion that the allegations of the complaint are true. *Johnson–El*, 579 A.2d at 166; *Laufer*, 482 A.2d at 364. Applying these principles to appellant's complaint, we conclude that the factual allegations are sufficient to support a cause of action and to withstand a motion under Rule 12(b)(6).

 Appellee's motion, insofar as it purported to be premised on Rule 12(b)(6), really had nothing to do with the legal sufficiency of the complaint. Rather, it dealt with whether or not appellant had available evidence sufficient to prove the allegations in her complaint. Only by going outside of the pleadings could the adequacy of appellant's expected evidence and the need for an expert witness be tested properly on this record. Such test should be made by a properly supported motion for summary judgment under Super.Ct.Civ.R. 56. Appellee's motion did not expressly seek summary judgment, which allows consideration of matters outside of the pleadings. *See* Super.Ct.Civ.R. 56. Rule 12(b) provides that where matters outside the pleadings are presented and not excluded by the court, the court may treat the motion as one for summary judgment and resolve it as provided in Rule 56. Super.Ct.Civ.R. 12(b). However, the rule further provides that all parties be given a reasonable opportunity to present material

---

**9.** Time for noting an appeal in a civil case begins to run from date of entry of the judgment or order on the civil docket. D.C.App.R. 4(a)(1) and (a)(3). An additional five days is allowed under D.C.App.R. 4(a)(3) when the order is entered outside the presence of the parties

and counsel. *See also Singer v. Singer,* 583 A.2d 689 (D.C.1990) (treating as two separate time periods the thirty days allowed under D.C.App.R. 4(a)(1) and five days under D.C.App.R. 4(a)(3)).

relevant to the Rule 56 motion before it is decided. That was not done in this case.[10] Moreover, we find the record inadequate to resolve whether appellant will need, in addition to the testimony of appellee and the treating physicians, additional expert testimony to prove her claims. The testimony of the various treating physicians and the doctors, by way of deposition testimony, interrogatories or otherwise, was not before the court at the time the motion was granted. Moreover, there is no evidence that the court treated this motion as one for summary judgment.

For these reasons, we decline to consider it as such.

### IV

▨ Finally, we consider whether the trial court's decision can be upheld upon the other grounds relied upon by appellee in his motion to dismiss.[11] Appellant's motion also relied, without argument, upon Rules 26 and 37, the pretrial order, and the record. Contrary, to appellee's contention, the pretrial order did not require appellant to designate an expert. The language speaks of appellant naming her expert witness, if any, by a certain date. Therefore, the dismissal cannot be based on appellant's failure to comply with any requirement of the court that she name an expert.

▨ There remains only the propriety of dismissal based on Rules 26(b)(4) and 37(b)(2). A party may obtain discovery of facts known and opinions held by experts under the provisions of Rule 26(b)(4). Appellee sought to do so here. Appellee also obtained an order compelling discovery of appellant's expert pursuant to Rule 37(a). The trial court has the power to impose a wide range of sanctions upon a party who violates or fails to obey an order to permit or provide discovery. *See* Super.Ct.Civ.R.

37(b)(2); *Nolan, supra,* 568 A.2d at 487. The nature of the sanction to be imposed is within the broad discretion of the trial court, and this court will reverse such an order only for an abuse of discretion. *Id.* Such sanctions include: (1) an order that matters which the order addressed shall be taken as established; (2) an order precluding the disobedient party from supporting designated claims or defenses or introducing certain evidence; (3) an order striking portions of the pleadings or staying further proceedings until the order is obeyed; (4) an order treating as contempt the failure to obey the discovery order; and/or (5) an order requiring the payment of reasonable expenses and attorney fees caused by such failure. Super.Ct.Civ.R. 37(b)(1). A proper exercise of discretion under the rule requires the trial court to: "(1) recognize that such a dismissal runs counter to valid societal preference for a decision on the merits; (2) inquire into the nature of the noncompliance; (3) evaluate the prejudice to the moving party; and (4) consider alternative, less harmful sanctions." *Shimer v. Edwards,* 482 A.2d 399, 400–01 (D.C.1984).

In this case the record does not show that the trial court considered any lesser sanctions nor that the court evaluated the prejudice to the moving party. Under such circumstances in *Shimer,* we reversed an order of dismissal. *Id.* at 401. Any propriety in the court's decision is further undermined by appellant's contention that she did not need an expert to prove her claim, and absent such expert, she was under no obligation to comply with Rule 26(b)(4). This is a case in which there appears to have been adequate alternative sanctions available, such as precluding appellant from presenting any undesignated expert witness. Yet, the trial court failed to consider or explain why such an alternative was inadequate to address the transgres-

---

10. Rule 12(c) allows a party to move for judgment on the pleadings which, if treated as one for summary judgment may also be disposed of as provided in Rule 56. Again, all parties are to be given a reasonable opportunity to present material pertinent to that motion. Super.Ct.Civ.R. 12(c).

11. Appellant filed no opposition to the motion to dismiss. However, appellee's motion was premised on appellant's failure to designate an expert witness within the time allotted, and appellant filed a motion for enlargement of time to designate an expert on the same day that the motion to dismiss was filed. The court acted upon both motions on the same day.

sion or to protect appellee from any prejudice. Absent any apparent consideration by the trial court of the factors set forth in *Shimer*, we cannot find that dismissal of the complaint was a proper exercise of discretion for violation of discovery rules. *See id.* at 401.

For the foregoing reasons, the order dismissing the complaint hereby is

*Reversed.*