**Kishma REAVES–BEY, Appellant,**

v.

**Steve KARR and Zoom Courier Service, Appellees.**

No. 03–CV–67.

District of Columbia Court of Appeals.

Submitted Nov. 24, 2003.

Decided Jan. 15, 2004.

Michelle Lanchester, Washington, DC, was on the brief for appellant.

Allen E. Hirschmann, Arlington, VA, was on the brief for appellees.

Before STEADMAN, SCHWELB and WASHINGTON, Associate Judges.

STEADMAN, Associate Judge:

Appellant Kishma Reaves–Bey appeals from a grant of summary judgment for appellees on her claims for negligence and wrongful termination.[1] We conclude that Ms. Reaves–Bey's claim for negligence was timely filed, but that she has not shown the existence of a genuine issue of material fact in dispute as to her wrongful termination claim. Therefore, we reverse the grant of summary judgment as to the negligence claim and affirm as to the wrongful termination claim.

---

1. Ms. Reaves–Bey does not challenge the grant of summary judgment on her related assault claim, which was barred by the one-year statute of limitations governing such claims. See D.C.Code § 12–301(4) (2001).

## I.

Appellant was a messenger for appellee Zoom Courier Service. Part of Zoom's operations involved the setting up of "rendezvous" meetings between couriers to exchange packages in order to increase the efficiency of deliveries. During the spring of 2000, appellant had a rendezvous meeting with another Zoom messenger, George Sharkey (Sharkey). Appellant alleges that she was "verbally attacked and threatened" by Sharkey at that meeting. She immediately reported the incident to appellee Karr, a managerial employee of Zoom.[2] At that time, according to appellant, Karr indicated to her that he was aware of Sharkey's hostile character and reputation, and he assured her that she would not have to rendezvous with Sharkey in the future.

On September 7, 2000, appellant went to a rendezvous at 1701 Pennsylvania Avenue N.W. Unbeknownst to appellant, the rendezvous was with Sharkey, who, according to appellant, physically attacked her.[3] Two weeks after the attack, while appellant was off work recuperating from physical injuries, Zoom informed appellant that her services were no longer needed.

## II.

■ Appellant asserts that her negligence action, although related to the assault incident, should be governed by the three-year statute of limitations for negligence. See D.C.Code § 12–301(8) (2001). In granting summary judgment, the trial court accepted appellees' argument that appellant's negligence count was intertwined with, and thus barred by, the same one-year statute of limitations that barred her action for assault. See note 1, *supra*.

It may well be that an action based on a physical assault cannot be excluded from the one-year statute simply by recharacterizing the action of the assaulter as an act of negligence. *Cf. District of Columbia v. Chinn*, No. 01–CV–1154, 839 A.2d 701, 704–04 (D.C.2003). However, in the case before us, appellant is alleging a distinct claim of negligence apart from the assault claim. The allegation of negligence is based on an independent duty; namely, that the appellees breached a duty of care toward her safety by negligently setting up a rendezvous with a person who presented a known danger to her. The operative principle here is exemplified by *Marusa v. District of Columbia*, 157 U.S.App. D.C. 348, 484 F.2d 828 (1973). That case involved an action against the District of Columbia arising from a shooting of the plaintiff by a police officer. The District argued that any action against it was precluded by a one-year statute of limitations applicable to a "wounding" by a police officer. The court rejected that argument, noting that a jury could well find the misuse by the officer of his weapon "to have been proximately caused by the government's negligence in hiring, training, or supervising the policeman," a distinct count in negligence. 157 U.S.App. D.C. at 351, 353, 484 F.2d at 831, 833. *Cf. McCracken v. Walls–Kaufman*, 717 A.2d 346, 351 (D.C.1998) (recognizing that "the same course of conduct may support both a claim of assault and battery and a claim of negligence" if the defendant is shown to have breached a duty owed to the plaintiff in addition to commission of an intentional tort).

The trial court cited *Maddox v. Bano*, 422 A.2d 763 (D.C.1980), in support of its

---

2. Appellant asserts that she was told by appellee Karr when he hired her that he was also an owner of the company, an assertion which Karr and Zoom deny.

3. Appellant states she sustained injuries to her back, shoulders, and arms.

grant of summary judgment for appellees. The plaintiff in *Maddox* failed to allege a negligence claim distinct from the underlying tort, for the complaint did not specify a negligent act and breach of duty giving rise to liability. *Id.* at 764–65. As discussed in our recent opinion in *Chinn, supra,* cases such as *Maddox* that involve a failure of pleading "do not preclude separate causes of action where the plaintiff has pled and established separate and distinct claims." *Chinn, supra,* 839 A.2d at 710. Nor is this case controlled by *Mullin v. Wash. Free Weekly, Inc.,* 785 A.2d 296 (D.C.2001), cited by appellees for the proposition that if a tort claim is intertwined with a claim for which a statute of limitations is specifically provided, here the assault claim, then the entire claim will be controlled by the specified statute of limitations. Appellant in *Mullin* did not challenge the theory that the claims were intertwined, and thus we did not reach that issue. *Id.* at 298 n. 3. *Cf. Saunders v. Nemati,* 580 A.2d 660, 662 (D.C.1990) (reversing dismissal, on grounds of time bar based on a one year statute of limitations, of claim for intentional infliction of emotional distress where the claim was "pled as a clear and distinct tort" subject to its own three-year statute of limitations).

Here, appellant has done more than merely recharacterize her assault claim as one grounded in negligence. "In a negligence action, the plaintiff bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *Pannell v. District of Columbia,* 829 A.2d 474, 479 (D.C. 2003). Appellant has averred a theory of negligence, that appellees' knowledge of and failure to heed the risk that Sharkey posed to appellant proximately caused the assault, with sufficient supporting evidence in the form of her own affidavit, so that we conclude she has shown a dispute as to a genuine issue of material fact. *See Avery v. HPCS, Inc.,* 818 A.2d 175, 177 (D.C. 2003) (in opposing a motion for summary judgment, "the non-movant must counter material allegations of fact with sworn assertions of specific facts to avoid summary resolution" and "a reviewing court must view the record and asserted facts in a light most favorable to the non-moving party").

### III.

In arguing against the dismissal of her wrongful termination action, appellant asserts that there is a genuine issue of material fact as to her employment status. Appellant did assert in her opposition to summary judgment that there was a genuine issue of material fact as to whether she was an employee of Zoom, rather than, as Zoom asserts, an independent contractor. Super Ct. Civ. R. 12–I(k), 56(e). However, even assuming *arguendo* that appellant was an employee of Zoom, rather than an independent contractor, there is no evidence in the record that an employment contract for any specific term or with any limitation on discharge existed between appellant and Zoom.[4] Absent "expression of a specific term of duration" in an employment relationship, there is a presumption that the employment is "terminable at will by any party at any time." *Strass v. Kaiser Found. Health Plan of Mid–Atlantic,* 744 A.2d 1000, 1011 (D.C.2000) (citation omitted). "It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." *Dantley v. Howard Univ.,* 801 A.2d 962, 964 (D.C.2002) (citation omitted).

---

**4.** To the contrary, the parties' written agreement is silent as to a term of employment.

No claim is made that any public policy exception to this principle applies here. *Cf. Carl v. Children's Hosp.*, 702 A.2d 159 (D.C.1997) (en banc). Therefore, appellant's employment, even if she was an employee rather than an independent contractor, was terminable at will, and the trial court properly granted summary judgment on appellant's claim for wrongful termination.

The grant of summary judgment in favor of appellees on the counts of assault and wrongful termination is affirmed. The grant of summary judgment in favor of appellees on the negligence count is reversed and the case is remanded for further proceedings on that count.

*Affirmed in part and reversed and remanded in part.*