Shirley A. STEWART–
VEAL, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 05–CV–342.

District of Columbia Court of Appeals.

Submitted March 27, 2006.

Decided April 13, 2006.

Karl Wayne Carter, Jr. for appellant.

Robert J. Spagnoletti, Attorney General of the District of Columbia, Edward E. Schwab, Deputy Attorney General, and Mary L. Wilson, Senior Assistant Attorney General, were on the brief, for appellee.

Before FARRELL, REID and FISHER, Associate Judges.

REID, Associate Judge:

Appellant Shirley A. Stewart–Veal (Ms. Stewart–Veal) appeals from a judgment of the trial court denying her motion for reconsideration of the dismissal of her amended complaint for negligence against appellee District of Columbia. An earlier complaint, which was dismissed without prejudice, had alleged claims for intentional torts and negligence. On appeal, she contends that the trial court erred (1) by concluding that her amended complaint for negligence was barred by the one-year statute of limitations for certain intentional torts, and (2) by not applying the relation-back doctrine to revive her original complaint covering claims for intentional torts. We hold that (1) Ms. Stewart–Veal's amended complaint for negligence contained the elements of a negligence cause of action based on the District's alleged negligent hiring, training, and supervision of its police officers, and thus, this negligence claim should not have been dismissed; and (2) the relation-back doctrine is inapplicable in this case, because the

intentional tort claims contained in the original complaint filed by appellant in May 2003, did not survive the dismissal of that complaint.

## PROCEDURAL AND FACTUAL SUMMARY

The record before us shows that on May 30, 2003, Ms. Stewart–Veal filed a "complaint for false arrest, false imprisonment, assault and battery, emotional infliction of mental distress, negligence, and willful and malicious destruction of official government documents" (CA4508–03). The complaint alleged that Ms. Stewart–Veal, a licensed electrical contractor, was performing work on November 12, 2002, in the 900 block of F Street, in the Northwest quadrant of the District of Columbia, when the owner of the club at which she was performing renovation work "cursed, yelled at, pushed and shoved" her. Someone called the Metropolitan Police Department ("MPD") and on November 13, 2002, two MPD officers arrived at the site of Ms. Stewart–Veal's work. They apparently had received a version of the November 12 incident from the owner of the club and, according to Ms. Stewart–Veal's complaint, "seemed not to be interested in [her] version of what had happened the previous day...." On June 17, 2004, in response to the District's motion to dismiss the May 2003 complaint, the trial court (the Honorable Mary A. Gooden Terrell) rejected the District's argument that Ms. Stewart–Veal had not provided requisite notice of her lawsuit under D.C.Code § 12–309 (2001), but granted the District's motion to dismiss the complaint "without prejudice ... for insufficiency of process and ... for insufficiency of service of process."

On September 29, 2004, Ms. Stewart–Veal filed a "complaint for negligence" in the trial court (CA7440–04), and on November 19, 2004, she filed an "amended complaint for negligence." [1] The District filed a "motion to dismiss or, in the alternative, for summary judgment," alleging in essence that Ms. Stewart–Veal's "complaint in substance pleads the tort of false arrest," and hence, "the [one-year] statute of limitations [for claims of false arrest or false imprisonment] bars her complaint." Ms. Stewart–Veal filed an opposition to the District's motion, stating, in part:

The Complaint has been amended to negligence, to become the instant one, so that the pre-existent procedural defect may be cured. The Complaint filed herein has its feature allegations, the same allegations, alleged in the prior dismissed Complaint ....

The "relation back" doctrine ... is founded upon the premise that once litigation involving a particular core of fact has commenced, a defendant is not entitled to the protection afforded by a Statute of Limitations against the subsequent assertion of claims arising out of the events described in the original pleadings ....

The trial court (the Honorable Melvin R. Wright) granted the District's motion to dismiss on January 21, 2005, stating that: "Plaintiff's complaint is barred by the statute of limitations, D.C.Code § 12–301(4), and fails to state a cognizable claim of negligence." Ms. Stewart–Veal filed a motion for reconsideration on February 4, 2005, indicating that the statute of limitations for personal injury is three years under D.C.Code § 12–301, and thus, her claim for negligence was timely since the underlying incident took place on Novem-

---

1. The only apparent difference between the September and November filings, was that the first was styled "complaint for negligence" and the second "amended complaint for negligence."

ber 12, 2002. She further stated that her "Complaint alleging assault and battery, intentional infliction of mental distress, inter alia, was filed on May 30, 2003, ... [and was] [subsequently dismissed on June 17, 2004], without prejudice on procedural grounds ...." The District opposed Ms. Stewart–Veal's motion for reconsideration and, on February 22, 2005, the trial court denied the motion for reconsideration, without explanation. Ms. Stewart–Veal filed a timely notice of appeal.

## ANALYSIS

Ms. Stewart–Veal argues that the trial court erred by dismissing her amended complaint for negligence because it properly states a claim for negligence and is not barred by the one-year statute of limitations applicable to such intentional torts as false arrest; rather, her negligence claim is governed by the three-year statute of limitations. The District contends that Ms. Stewart–Veal's amended complaint is barred by the one-year statute of limitations because it "states, in substance, claims for intentional torts, while characterizing them as negligence."

■ The trial court apparently dismissed Ms. Stewart–Veal's amended complaint for negligence, pursuant to Super. Ct. Civ. R. 12(b)(6), for failure to state a claim upon which relief could be granted. Therefore, we review this matter *de novo*. *See McCracken v. Walls–Kaufman*, 717 A.2d 346, 350 (D.C.1998) (citing *Fraser v. Gottfried*, 636 A.2d 430, 432 n. 5 (D.C. 1994)). In a case such as the one before us, "the same course of conduct may support both a claim of assault and battery [or other intentional tort] and a claim of negligence, provided that it is established that the defendant, in the process of engaging in the conduct that included the intentional tort, was also breaching another recognized duty owed to the plaintiff." *Id.* at

351. The "trial court is not bound by a plaintiff's characterization of an action and ... use of the terms 'carelessly and negligently,' without more, are conclusory and do not raise a cognizable claim of negligence." *District of Columbia v. Chinn*, 839 A.2d 701, 708 (D.C.2003). "In a negligence action, the plaintiff bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *Reaves–Bey v. Karr and Zoom Courier Serv.*, 840 A.2d 701, 704 (D.C.2004).

■ Ms. Stewart–Veal's complaint reflects two approaches to her negligence claim. The first appears to be based on the actions of the arresting officers, and not on the alleged negligence of their superiors. As such, it is not separate and distinct from the false arrest claim; rather, it is intertwined with and dependent on that claim. Thus, the trial court did not err in dismissing Ms. Stewart–Veal's negligence claim in so far as it is based on the alleged negligence of the arresting officers in conducting the arrest. *See Chinn, supra*, 839 A.2d at 711; *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C.2000).

■ The second approach in the amended complaint is based on the alleged negligence of the arresting officers' superiors with respect to hiring, training, and supervision. In *Reaves–Bey, supra*, the trial court dismissed appellant's complaint for negligence, in response to defendant's motion for summary judgment. Appellant argued that "her negligence action, although related to [an] assault incident, should be governed by the three-year statute of limitations." *Id.* at 703. The trial court, agreeing with the defendant, had concluded that the plaintiff's "negligence count was intertwined with, and thus barred by, the same one-year statute of

limitations that barred [the] action for assault." *Id.* We reversed the trial court's judgment dismissing the negligence claim. We determined that appellant had alleged "a distinct claim of negligence apart from the assault claim," and "ha[d] done more than merely recharacterize her assault claim as one grounded in negligence," *Id.* at 703, 704. As to Ms. Stewart–Veal's claim of negligent hiring, training, and supervision, we reach a similar conclusion here.

The case before us is unlike *Maddox v. Bano,* 422 A.2d 763 (D.C.1980), on which the District relies, in which we concluded that appellant's "amended complaint specif[ied] no negligent act, and fail[ed] to characterize the breach of duty which might have resulted in negligence liability." *Id.* at 764. Nor can we say, as in *Maddox,* "that appellant's [amended] complaint pleads in substance a cause of action for assault, battery, false arrest, and nothing more." *Id.* at 765. In contrast to the amended complaint in *Maddox,* Ms. Stewart–Veal's negligence claim in her amended complaint "is based [partly] on an independent duty," an "applicable standard of care, a deviation from that standard [of care] by the defendant, and a causal relationship between that deviation and [her] injury." *Reaves–Bey, supra,* 840 A.2d at 703, 704. During our discussion in *Reaves–Bey,* we cited *Marusa v. District of Columbia,* 157 U.S.App. D.C. 348, 484 F.2d 828 (1973), in which the District made a similar argument, as here, that the one-year statute of limitations was applicable to a complaint based on the shooting of the plaintiff by a police officer. However, the court in *Marusa* "rejected that argument, noting that a jury could well find the misuse by the officer of his weapon 'to have been proximately caused by the government's negligence in hiring, training, or supervising the policeman,' a distinct count in negligence." *Reaves–Bey, supra,* 840

A.2d at 703 (quoting *Marusa, supra,* 157 U.S.App. D.C. at 351, 353, 484 F.2d at 831, 833 (referencing *McCracken, supra,* 717 A.2d at 351)).

Ms. Stewart–Veal's amended complaint for negligence alleged, in part:

12. The conduct of the District of Columbia Metropolitan Police Officers, from the onset of the Plaintiff's arrest on November 13, 2002, until her release from their custody, was a manifestation of a lack of duty owed to Plaintiff and acts of negligence committed by the officers were reflective of their department, to adequately recruit, train, supervise, re-train periodically its members, and its retention of its officers, with such deficient skills, serves to compound its negligence.

13. The Plaintiff did nothing to contribute to the negligent performance of the Police Officers in their duties, and is entirely without blame.

14. That the proximate cause of the Plaintiff's negligent arrest, the discomfort, illegality and indignities to which she was subjected, were caused by the Police Officers in the negligent performance of their assigned duties . . . .

16. The District of Columbia Metropolitan Police Officers, owed the Plaintiff a duty, to perform their assigned duties, with "due care," their arrest and concomitant treatment of the Plaintiff afterwards, deviated from this standard, and was a breach of their duties, and the nexus between their assigned duties, and a breach of said duty was the proximate cause of Plaintiff's injuries, which caused the ensuing traumatic damages to the Plaintiff.

These paragraphs stated the elements of a negligence claim, which is governed by a three-year statute of limitations. This claim alleging negligence in hiring, train-

ing, and supervision was a separate and distinct cause of action, and was not fatally intertwined with the intentional tort causes of action. Consequently, the trial court erred in granting the District's motion to dismiss the claim for negligence. *See Reaves–Bey, supra; Marusa, supra.*

Ms. Stewart–Veal also contends that her intentional tort actions survived under the "relation-back" doctrine since they were raised in her May 2003 complaint. The District maintains that the "relation-back" doctrine is not applicable here since Ms. Stewart–Veal filed a second complaint, and the statute of limitations for intentional torts was not tolled following the dismissal of her May 2003 complaint.

 Super. Ct. Civ. R. 15(c) provides, in part:

> **Relation back of amendments.** An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

These provisions are identical to Rule 15(c) of the Federal Rules of Civil Procedure. Since they are "an adoption without modification of the corresponding federal rule, [they are] to be given the same meaning." *Arrington v. District of Columbia,* 673 A.2d 674, 680 n. 6 (D.C.1996) (citing *Strother v. District of Columbia,* 372 A.2d 1291, 1297 n. 15 (D.C.1977)) (other citation omitted). There are two problems with regard to Ms. Stewart–Veal's reliance on the "relation-back" doctrine. Super. Ct. Civ. R. 15(c) specifies that the amendment relates back to "the original proceeding." Here, the original proceeding was filed in May 2003, but the "amended complaint for negligence" filed by Ms. Stewart–Veal on November 19, 2004, related to a separate "complaint for negligence" filed on September 29, 2004. The amended complaint made no attempt to amend or reassert the original claims of intentional torts. "Rule 15(c) simply does not apply where, as here, the party bringing suit did not seek to 'amend' or 'supplement' [her] original pleading, but rather, opted to file an entirely new [complaint] at a subsequent date." *Neverson v. Bissonnette,* 261 F.3d 120, 126 (1st Cir.2001). *See also Lucchesi v. Experian Info. Solutions, Inc.,* 226 F.R.D. 172, 174–75 (D.C.S.D.N.Y.2005) ("The Federal Rules of Civil Procedure contemplates the relation back of pleadings only in the context of a single proceeding.") (footnote omitted). Consequently, Ms. Stewart–Veal's amended complaint for negligence does not relate back to her original May 2003 complaint.

 There is another reason, however, as to why Ms. Stewart–Veal cannot invoke the "relation-back" doctrine. In *Ciralsky v. Central Intelligence Agency,* 359 U.S.App. D.C. 366, 355 F.3d 661 (2004), the court declared that "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Id.,* 359 U.S.App. D.C. at 377, 355 F.3d at 672 (citing *Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir.2000)). The court further explained that "'when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice.'" *Id.* (quoting *Elmore,* 227 F.3d at 1011). Under this principle of law, when the trial court dismissed

Ms. Stewart–Veal's May 2003 complaint, without prejudice, the one-year statute of limitations on her intentional torts was no longer tolled, and because the statute of limitations had expired as of mid-November 2003, the June 17, 2004 dismissal of the May 2003 complaint was "effectively with prejudice." *Ciralsky, supra.* Consequently, because the statute of limitations had expired on Ms. Stewart–Veal's intentional torts before she filed her amended complaint, those claims no longer were viable when she filed her amended complaint in November 2004.

Accordingly, for the foregoing reasons, we affirm the trial court's dismissal of Ms. Stewart–Veal's intentional torts, as well as her negligence claim in so far as it is based on the alleged false arrest by the arresting police officers, but we reverse the dismissal of Ms. Stewart–Veal's negligence claim based on the District's alleged negligent hiring, training and supervision of its police officers. On that claim, she has alleged enough to permit her to conduct discovery.

*So ordered.*